NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRUCE DWAIN COPELAND, | No. 15-56321 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01578-JLS-E |
| v. | |
| BANK OF AMERICA, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Bruce Dwain Copeland appeals pro se from the district court's summary

judgment in his diversity action alleging claims of intentional interference with

contract and intentional interference with prospective economic advantage.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Guidiville Band of*

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Pomo Indians v. NGV Gaming, LTD*, 531 F.3d 767, 772 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment because Copeland failed to raise a genuine dispute of material fact as to whether Bank of America had knowledge of an economic relationship between Copeland and his tenant and whether Bank of America interfered with that relationship. *See id*. at 774 (elements for intentional interference with contracts under California law); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852 (9th Cir. 2004) (elements for intentional interference with prospective economic advantage under California law).

The district court did not abuse its discretion when it declined to consider Copeland's unauthenticated documents as evidence in opposition to the motion for summary judgment. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (setting forth standard of review and stating that "unauthenticated documents cannot be considered in a motion for summary judgment").

We reject as meritless Copeland's arguments that the district court was biased against him, held him to a higher pleading standard, and improperly considered Bank of America's summary judgment evidence after denying its

15-56321

motion to compel.

We do not consider arguments and allegations raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFRIMED.**

15-56321